■ In the Matter of SAMUEL MORGANROTH, Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Order, entered on or about January 7, 1963, reducing assessments on Lot 3, Block 1840, for tax years 1958–1959 through 1962–1963 inclusive, on Lot 16, Block 1887, for tax years 1957–1958 through 1962–1963 inclusive, on Lot 227, Block 2142, for tax years 1958–1959 through 1962–1963 inclusive, and on Lot 55, Block 2143, for tax years 1957–1958 through 1962–1963 inclusive, unanimously modified, on the law and the facts, to strike out the last four decretal paragraphs of said order and in lieu thereof, to provide for the reinstatement and confirmation of the assessments, and the order otherwise affirmed, with $30 costs and disbursements to appellant. The evidence as to value of the respective parcels, based on income received therefrom, earning capacities, sales prices of the respective properties in years 1954–1956, and prices on sales of comparable properties, lead us to conclude that the reductions in the assessments were unwarranted. The subject properties are multiple-story apartment buildings and the reasonable earning capacities of each, based on actual income and a deduction of proper expenses and allowances chargeable thereto (including a realistic vacancy allowance) show a return establishing a valuation equal to or exceeding the respective assessments. Furthermore, Lot 3, Block 1840 (77–81 West 104th Street), was sold to the petitioner in 1956 for $165,000, more than 20% in "cash"; Lot 16, Block 1887 (741 West End Avenue), was purchased by petitioner in 1954 for $175,000, with 25% cash paid down; Lot 227, Block 2142 (715 West 175th Street), was sold to petitioner for $200,000 in 1955 with 50% of the price paid in cash; and Lot 55, Block 2143 (1291–1297 St. Nicholas Ave. [600 W. 175th St.]), was acquired by petitioner in 1956 for a purchase price of $113,000, with about 23% of the price paid in cash. The sales to the petitioner represent bona fide, open market transactions at arm's length and the prices paid were sums which were more than or approximately equal to the respective assessments. Such prices are "of course the very best of evidence, because directly reflective of market value, if recent in time, and not explained away as abnormal in any fashion". (*Matter of Lane Bryant v. Tax Comm.*, 21 A D 2d 669.) Settle order on notice. Concur — Rabin, J. P., McNally, Eager, Steuer and Witmer, JJ.